UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21513-BLOOM/Torres

MARIBEL PEREZ,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,

    Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
<u>REPORT AND RECOMMENDATION</u>**

**THIS CAUSE** is before the Court upon Plaintiff Maribel Perez' Motion for Summary Judgment ("Claimant's Motion for Summary Judgment"), ECF No. [9], and Defendant Kilolo Kijakazi, the Acting Commissioner of Social Security's Cross Motion for Summary Judgment, ("Commissioner's Motion for Summary Judgment") ECF No. [11]. This matter was referred to Magistrate Judge Alicia Otazo-Reyes, ECF No. [10]. On October 18, 2024, the Magistrate Judge issued the Report and Recommendation ("R&R"), ECF No. [14], recommending that Claimant's Motion for Summary Judgment be denied, the Commissioner's Motion for Summary Judgment be granted, and the Commissioner's decision be affirmed. *Id*.

Claimant filed Objections, ECF No. [15], and the Commissioner filed a Response, ECF No. [16]. The Court has conducted a *de novo* review of the R&R and the Objection in accordance with 28 U.S.C. § 636(b)(1)(C). *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). The Court has considered the Motions, the R&R, the Objections, the Response, the record in this case,

the applicable law, and is otherwise fully advised. For the reasons set forth below, the Court overrules Claimant's Objection and adopts the R&R.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts of this case and adopts the procedural history contained in the R&R.

Claimant objects to the reasoning in the R&R and argues that "the vocational expert testimony does not constitute 'substantial evidence' upon which the ALJ [Administrative Law Judge] could properly rely because there are several unresolved 'apparent conflicts.'" ECF No. [15] at 1. The Commissioner responds that the R&R is well reasoned, and Claimant "raised similar arguments regarding the opinion evidence of record and the ALJ's RFC [residual functional capacity] determination" which have already been "addressed at length." ECF No. [16] at 1-2.

## II. LEGAL STANDARD

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v.*

*WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). "It is improper for an objecting party to ... submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### III.     DISCUSSION

Claimant sets forth her Objections with the sub-header "the Vocational Expert's ["VE"] testimony does not constitute 'substantial evidence' upon which the ALJ could properly rely because there are several unresolved 'apparent conflicts.'" ECF No. [15] at 1. This statement is also the sub-header of the argument section in Claimant's Motion for Summary Judgment. ECF No. [9] at 4. Claimant argues that the "'apparent conflict' is that the VE cited light exertional jobs, whereas the ALJ provided an RFC for less than the full range of light exertional work, including standing or walking for fewer than six hours in an eight-hour workday." ECF No. [15] at 2. Claimant argues that her RFC only allows for standing or walking for a total of four hours within an eight-hour workday. *Id*. at 1. As such, Claimant asserts that it is "absolutely disingenuous for the Commissioner to argue that there is no apparent conflict" between the VE and the ALJ's determinations and "there is no excuse for why the VE listed three light exertional jobs when the ALJ's RFC called for less than the full range of light exertional work." *Id*. at 4.

Claimant cites testimony in the record, copies three pages from her Motion for Summary Judgment, and inserts those pages into her Objections . *Compare* ECF No. [15] at 5-8, *with* ECF No. [9] at 5-9.

The Commissioner responds that the R&R was "well-reasoned and grounded in the appropriate legal standards." ECF No. 16 at 1. Commissioner also contends that Claimant's arguments were already "addressed at length" in it's brief, the R&R, and in the Commissioner's Motion for Summary Judgment. ECF Nos. [11, 14].

Judge Otazo-Reyes correctly pointed out that an ALJ is only required "to resolve an apparent conflict between the VE's testimony and the DOT [Dictionary of Occupational Titles], not to any other sources or definitions." ECF No. [14] at 23; *See Webster v. Comm'r of Soc. Sec.*, 773 F. App'x 553, 555 (11th Cir. 2019). Claimant's reliance on Social Security Ruling ("SSR") 83-10 to argue that "the full range of light work" requires six hours within an eight-hour workday does not support that there is an apparent conflict as the SSR is neither the VE's testimony nor the DOT. *Id*. at 22-23. Here, "the DOT listings suggested by VE [Mark] Capps [are] silent about the extent of standing and walking expected" to perform the jobs. ECF No. [14] at 24. Furthermore, the DOT descriptions of the jobs "do not state that they require more than four hours of standing and walking." *Id*. at 22-23; ECF No. [11] at 6. Therefore, there is "no apparent conflict between the DOT [] and VE Capps' testimony in response to ALJ Hemming's [] question" as to Claimant's RFC. *Id*. at 24. As there is no apparent conflict, ALJ Hemming's decision was "supported by substantial evidence." *Id*.

Courts in this district have long held that "[i]t is improper for an objecting party to ... submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to

4

be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

The Court notes that Claimant has copied several pages from her Motion for Summary Judgment directly into the Objection. *Compare* ECF No. [15] at 5-8, *with* ECF No. [9] at 5-9. Those exact arguments and authorities have already been briefed and adjudicated. No party is allowed a "second bite at the apple" in an objection to an R&R. 2012 WL 3614212, at *2. *See also* S.D. Fla. L. Mag. J.R. 4(b). ("Any party may object to a Magistrate Judge's [] recommendations or report. . . . Such a party shall file [] written objections which shall specifically identify the portions of the proposed findings, recommendation or report to which objection is made, the specific basis for such objections, and supporting legal authority."). Nevertheless, upon a *de novo* review, the Court finds Magistrate Judge Otazo-Reyes' R&R to be well reasoned and correct on all matters.

## IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The R&R, **ECF No. [14]**, is **ADOPTED**.
2. Plaintiff's Motion for Summary Judgment **ECF No. [9]** is **DENIED**.
3. The Commissioner's Motion for Summary Judgment, **ECF No. [11]** is **GRANTED**.
4. Plaintiff's Objections, **ECF No. [15]**, are **OVERRULED**.
5. The Commissioner's decision is **AFFIRMED**.
6. The Clerk shall **CLOSE** this case.

Case No. 23-cv-21513-BLOOM/Torres

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 12, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record